UNITED STATES of America, Plaintiff–Appellee,

v.

Troy Bernard PHILLIPS, Defendant–Appellant.

No. 14–12630

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

March 10, 2015.

Kathleen Mary Salyer, Eloisa Delgado Fernandez, Wifredo A. Ferrer, Kevin Quencer, U.S. Attorney's Office, Miami, FL, for Plaintiff-Appellee.

Stewart Glenn Abrams, Michael Caruso, Federal Public Defender, Federal Public Defender's Office, Miami, FL, for Defendant–Appellant.

Before MARTIN, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Troy Bernard Phillips appeals his 180–month sentence, imposed after he pled guilty to possession of a firearm by a convicted felon. At sentencing, the district court applied the statutory enhancement in the Armed Career Criminal Act, 18 U.S.C. § 924(e), based on Mr. Phillips' three prior drug convictions under Florida Statute § 893.13(1)(a) for sale or delivery of cocaine. The application of the ACCA resulted in a mandatory minimum sentence of 15 years. On appeal, Mr. Phillips argues that the district court erred in de-

termining that his three prior convictions under § 893.13(1)(a) constituted predicate offenses under the ACCA.

We review *de novo* whether a prior conviction qualifies as a "serious drug offense" under the ACCA to enhance a defendant's sentence. *United States v. Robinson,* 583 F.3d 1292, 1294 (11th Cir.2009). Under the ACCA, any person who violates 18 U.S.C. § 922(g) and has at least three prior convictions from any court "for a violent felony or a serious drug offense, or both, committed on occasions different from one another" receives a mandatory minimum sentence of 15 years. 18 U.S.C. § 922(e)(1). A "serious drug offense" is defined, in pertinent part, as follows:

> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance ..., for which a maximum term of imprisonment of then years or more is prescribed by law.

18 U.S.C. § 922(e)(2)(A)(ii).

In *United States v. Smith,* No. 13–15227, 775 F.3d 1262, 2014 WL 7250963, slip op. at 11 (11th Cir. Dec. 22, 2014), we recently held that a conviction under § 893.13(1) of the Florida Statutes is a "serious drug offense" under the ACCA. Accordingly, we hold, for the reasons substantially stated in our opinion in *Smith,* that the district court did not err in concluding that Mr. Phillips' three prior convictions under § 893.13(1)(a) qualified as "serious drug offense[s]" under to the ACCA. We therefore affirm Mr. Phillips' sentence.

**AFFIRMED.**